IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROD SEWEL,                              )
                                        )
            Plaintiff,             )
                                        )
            v.                     )   No. 05-4362-CV-C-NKL
                                        )
SOCIAL LEARNING CENTER, et al.,         )
                                        )
            Defendants.            )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary relief and release from the institution. He claims staff members at Fulton State Hospital had him sodomized and treated as a social outcast. He has named the Social Learning Center, John and Jane Doe representatives of HO3 and GO3, Hearnes and Guhleman, and Fulton State Hospital as defendants.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under § 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. *In re Williamson*, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit suggests that he may be indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The

term "frivolous", as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under § 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

In this case, plaintiff's claims are subject to dismissal for failure to state a claim for which relief can be granted under 42 U.S.C. § 1983. Although it is not completely clear what the Social Learning Center and Hearnes and Guhleman are, based upon plaintiff's complaint, they appear to be state entities connected with Fulton State Hospital. Fulton State Hospital and the other institutional defendants, as entities of the State of Missouri, are not persons within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. *See Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986), *cert. denied*, 479 U.S. 851 (1986). They also have Eleventh Amendment immunity and are not subject to an action for damages or equitable relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). If Hearnes and Guhleman are individuals, no specific allegations are made concerning them, so they should also be dismissed as defendants.

Based on the Eleventh Amendment, damages are not recoverable against the State, Fulton State Hospital, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989).

Plaintiff's claims against the John and Jane Doe representatives also appear to be brought against the individual defendants in their official capacities because plaintiff has named them as representatives of the housing units. He has not alleged any facts showing the personal involvement of any individual in the incidents which he claims give rise to this lawsuit.

2

Further, Sewel appears to be involuntarily committed to the Department of Mental Health, based upon a subsequent pleading in which he alleges he escaped, was picked up by the police, and returned to the institution. Plaintiff's request for release does not state a claim for relief under 42 U.S.C. § 1983. If plaintiff seeks release from custody, he should follow the appropriate state administrative or judicial procedures, which must be exhausted before he may seek federal habeas corpus relief. It is well established that a person held in state custody must exhaust all adequate and available state judicial remedies before he can proceed with a federal *habeas corpus* petition. 28 U.S.C. § 2254(b)(c); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981), *cert. denied*, 469 U.S. 1223 (1985). Absent exhaustion of plaintiff's available state remedies, this court is without authority to issue a writ of *habeas corpus* directing plaintiff's release from confinement. *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis be denied and this case be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 15th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge